IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MID-CONTINENT CASUALTY COMPANY | § § § | |
| V. | § § | C.A. NO. _____ |
| LEXINGTON INSURANCE COMPANY | § § | |

**ORIGINAL COMPLAINT FOR CONTRIBUTION AND DECLARATORY RELIEF**

Mid-Continent Casualty Company ("Mid-Continent") files this Original Complaint for Contribution and Declaratory Relief against Lexington Insurance Company ("Lexington"), and respectfully shows the Court:

**I. Parties**

1. Mid-Continent is an Ohio corporation with its principal place of business in Tulsa, Oklahoma and is therefore a citizen of both Ohio and Oklahoma.

2. Lexington is a Delaware corporation with its principal place of business in Boston, Massachusetts. Lexington may be served with process through its registered agent Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

**II. Jurisdiction**

3. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 2201. Mid-Continent is a citizen of both Ohio and Oklahoma. Lexington is a Delaware corporation with its principal place of business in Boston, Massachusetts and is therefore a citizen of Delaware and Massachusetts for diversity purposes. There is complete diversity of citizenship between the parties and the amount in controversy, excluding interest and costs, exceeds $75,000.

### III. Venue

4.  Venue is proper in the United States District Court for the Southern District of Texas because a substantial portion of the events giving rise to this lawsuit occurred in the District. In the Underlying Litigation, Brookshire Brothers seeks damages stemming from the installation of flexpipe in sixty-five gas stations in Texas and three gas stations in Louisiana that are owned and operated by Brookshire Brothers. Several of the gas stations at issue in the Underlying Litigation are located in the Southern District of Texas.

### IV. Facts

5.  Mid-Continent issued successive commercial general liability insurance policies to Pump Masters, Inc. ("Pump Masters") for the policy period from June 5, 1997 to June 5, 2005. Lexington issued two commercial general liability insurance policies to Pump Masters for the period June 5, 1995 to June 5, 1996, and June 5, 1996 to June 5, 1997 (the "Lexington Policies").

6.  In the matter styled No. 2:04CV1150; *Brookshire Brothers, et al v. Total Containment, Inc. et al*; In the United States District Court for the Western District of Louisiana, Lake Charles Division (the "Underlying Litigation"), Brookshire Brothers Holding, Inc., Brookshire Brothers Management, Inc., and Brookshire Brothers Ltd. (collectively "Brookshire"), Brookshire sued various defendants on May 26, 2004 alleging the manufacture and supply of an allegedly defective flexible thermoplastic pipe ("flexpipe") used to connect underground storage tanks to above-ground dispensers at retail gas stations. In the Underlying Litigation, Brookshire seeks damages stemming from the installation of flexpipe in sixty-five gas stations in Texas and three gas stations in Louisiana that are owned and operated by Brookshire.

7.  Several of the defendants in the suit filed third-party complaints against Pump Masters alleging, among other things, that Pump Masters was the general contractor responsible

for design, construction, maintenance and repair of the gasoline storage and delivery systems located on Brookshire's gasoline filing stations, including the design, installation, maintenance and repair of the flexpipe. Among the allegations against Pump Masters are allegations of negligence, negligent supervision, contribution, and failure to provide services in a workmanlike matter.

8. Mid-Continent provided a defense to Pump Masters under a reservation of rights and has been defending Pump Masters since late 2004. To date, Mid-Continent has incurred approximately $450,000 in fees and expenses defending Pump Masters.

9. Mid-Continent made demand upon Lexington in October 2005 to pay half of the defense fees and expenses, but Lexington has failed to pay anything.

10. Lexington had a duty to defend Pump Masters according to the terms and conditions of the Lexington Policies.

11. Although Lexington was put on notice of the lawsuit in October 2005, Lexington did nothing until approximately September 2007 when it retained an attorney who merely entered an appearance in the Underlying Litigation and then withdrew shortly thereafter.

## V. Relief Being Sought

**A.  Contribution**

12. Mid-Continent alleges and incorporates by reference herein paragraphs 1-11 above. Due to the Underlying Litigation, Mid-Continent has been required to retain the legal services of defense counsel and incurred attorneys' fees and expenses on behalf of Pump Masters that were and are the obligation of Lexington under the Lexington Policies. Pursuant to its legal contribution rights, Mid-Continent now seeks recovery from Lexington for one-half of the amounts paid by Mid-Continent in the defense of Pump Masters in the Underlying Litigation.

**B.     Declaratory Relief**

13.     Mid-Continent seeks declaratory relief pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 (the "Act") that Lexington has a duty to defend Pump Masters related to the Underlying Litigation and a duty to contribute one-half of the defense fees and expenses incurred by Mid-Continent from the date of the declaration until the claims against Pump Masters are dismissed with finality.

14.     Mid-Continent is an interested party under the Act.  There is an actual controversy between Mid-Continent and Lexington concerning Mid-Continent's right to one-half of the defense fees and expenses incurred to date to be incurred defending Pump Masters.  Mid-Continent contends, and Lexington disputes, that Lexington owes a duty to defend Pump Masters and therefore owes one half of the defense fees and expenses.  There is an actual controversy of a justiciable nature between Mid-Continent and Lexington as to whether Lexington owes a duty to defend Pump Masters in connection with the Underlying Litigation under the Policy.

WHEREFORE, Mid-Continent Casualty Company prays that Lexington Insurance Company be cited to appear and answer herein, and that upon the trial of this matter the Court enter judgment that Mid-Continent Casualty Company recover from Lexington one-half of the amounts it incurred and will continue to incur defending Pump Masters in the Underlying Litigation, and declare Lexington has a duty to contribute to the defense of Pump Masters, and such other and further relief as Mid-Continent Casualty Company may show itself justly entitled to receive, including attorneys fees and expenses for the prosecution of this lawsuit.

**Respectfully submitted,**

By:   /s/ Christopher W. Martin_____
        Christopher W. Martin
        Martin, Disiere, Jefferson & Wisdom, LLP

                                                  TBA No. 13057620
                                                  Fed. ID No. 13515
                                                  martin@mdjwlaw.com
                                                  808 Travis, Suite 1800
                                                  Houston, Texas 77002
                                                  Telephone: (713) 632-1700
                                                  Facsimile: (713) 222-0101

                                                  **Attorney-in-Charge for Plaintiff,**
                                                  **Mid-Continent Casualty Company**

<u>Of Counsel:</u>

Robert G. Dees
TBA No. 05716430
Fed. ID No. 13899
dees@mdjwlaw.com
Ethan D. Carlyle
State Bar No. 24031794
Federal I.D. 30741
carlyle@mdjwlaw.com
Martin, Disiere, Jefferson & Wisdom, LLP
808 Travis, Suite 1800
Houston, Texas 77002
Telephone: (713) 632-1700
Facsimile: (713) 222-0101